OPINION OF THE COURT
Joan B. Lobis, J.
Respondent Burgan moves to dismiss the petition on the *874 grounds, inter alia, that the petition fails to state a cause of action. Petitioner has cross-moved for summary judgment in its favor. Respondent Aleandri has not appeared.
Respondent Burgan’s motion presents a very narrow question of law which appears to be one of first impression. Section 2525.6 (c) of the Rent Stabilization Code (9 NYCRR part 2520 et seq.) limits the tenant’s right to sublet to 2 years out of the 4-year period preceding the termination date of a proposed sublease. Does an allegation that this section of the Rent Stabilization Code has been violated give rise to an independent ground for eviction as a claim that a violation of this provision of the Code is a substantial violation of the tenancy?
The facts surrounding this proceeding cannot be ignored. This is petitioner’s second attempt to evict respondents on the grounds that this subletting is a substantial violation of the tenancy. In an earlier case, petitioner’s claim was dismissed because by its actions it had waived its right to object to the subletting. Apparently neither side had conformed to the requirements of Real Property Law § 226-b in the beginning of the subletting. It is in this context that the landlord seeks to evict both respondents because of the duration of the subtenant’s occupancy.
At common law in the absence of statute or express restriction in a lease, a tenant had an unrestricted right to assign or sublet. However, if such a restriction existed in a lease and a landlord retained the right to withhold consent without limitation, the landlord could withhold consent without reason. The standard lease form developed and utilized in New York City prior to the enactment of section 226-b in 1975 either prohibited subletting outright or allowed a landlord to withhold consent without any limitation. By enacting section 226-b, the Legislature addressed some of the problems of urban housing. Since tenants are virtually powerless to negotiate the inclusion of a subletting clause in a standard residential lease, the new law restored some of the common-law right to sublet. (See, Conrad v Third Sutton Realty Co., 81 AD2d 50 [1st Dept 1981].)
The first version of section 226-b gave all tenants in rent-stabilized units the right to sublet. If the landlord unreasonably withheld consent the tenant could be released from any liability on the balance of the lease. A spirited debate followed. At issue was the meaning of the phrase "unreasonably withheld” and what rights the tenant had if the landlord’s *875 failure to consent was unreasonable. The Legislature acted to end any uncertainty by amending the section in 1983 to explicitly state that consent cannot be unreasonably withheld and if consent is unreasonably withheld the tenant can proceed with the subletting. By this amendment, the Legislature once again spoke in support of a tenant’s right to sublet. Neither form of section 226-b mentioned a limitation on the length of the term of the subletting.
The limitation on the terms of subleases first appeared in the Rent Stabilization Code (hereinafter Code) as amended in 1983. The limitation was carried over into the new Code now in effect as section 2526.6 (c). It states: "(c) The tenant may not sublet a housing accommodation for more than a total of two years, including the term of the proposed sublease, out of the four-year period preceding the termination date of the proposed sublease.” The provisions governing termination of tenancies appear in a separate section. Code § 2524.3 provides that a tenant may be evicted for violating a substantial obligation of the tenancy. A portion of section 226-b explicitly states that violations of the provisions of the section shall constitute a substantial breach of the tenancy. However, the limitation on the length of a subletting is-not a provision of section 226-b and, therefore, not a per se violation of a substantial obligation of the tenancy.
-The interplay between the Code, the regulations of the Division of Housing and Community Renewal, and the statutes affecting rental property has received recent attention by the Appellate Term in East Four-Forty Assocs. v Ewell (138 Misc 2d 235 [1st Dept]). Clearly, the agency is empowered to pass regulations that implement the rent stabilization law. But they are not given the force of statutes. The rules contained in the Code help define the parameters of a permissible sublease. A landlord who refused permission to allow a subletting for more than two years would be acting reasonably. However, as the only basis for a finding that a substantial violation of a tenancy existed, this fact is not sufficient. Especially in this case where there has already been a finding that the subletting is not such a violation and in light of the Legislature’s repeated support of tenants’ rights to sublet apartments.
If the subletting is really a subterfuge for a tenant who is not maintaining the apartment as his or her primary resi *876 dence, the landlord has a cause of action. A subletting for more than two years does suggest that a change in the tenant’s utilization of the premises has occurred. But the landlord must bring a proceeding addressing that issue.
Motion*, to dismiss granted. The court need not reach the other issues raised by respondent’s motion papers.